**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Virginia Ruiz,<br><br>                    Plaintiff,<br><br>v.<br><br>Deutsche Bank National Trust Company, as Trustee,<br><br>                    Defendant. | No. CV-13-00419-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Dismiss. (Doc. 5.) For the reasons discussed below, the Court grants the Motion.

## BACKGROUND[1]

In March 2006, Plaintiff Virginia Ruiz took out a mortgage of $148,000 from Long Beach Mortgage Company ("LBMC"). The mortgage was secured by a deed of trust on property located at 1520 North 194th Ave., Buckeye, Arizona (the "Property") with LBMC as the beneficiary and Empire Title Agency of Arizona as the trustee ("Empire"). (Doc. 5-1, Exs. A, B.)[2] On September 4, 2008, California Reconveyance

---

[1] The Court takes as true the allegations contained in Ruiz's Complaint at this stage of the litigation. *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). Although Ruiz alleges additional material facts in her Response, "a court may look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

[2] Generally, a court may not consider evidence or documents beyond the complaint in the context of a Rule 12(b)(6) Motion to Dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990) (amended decision). This general rule, however, has two specific exceptions. First, a court may

Company ("CRC") was substituted as trustee. (Doc. 8-1, Ex. E.)

After Ruiz defaulted on her mortgage payments, CRC recorded a Notice of Trustee's Sale on March 4, 2011. (Doc. 5-1, Ex. C.) A trustee's sale was held on September 24, 2012, and a trustee's deed was issued the following day, conveying interest in the Property to Defendant Deutsche Bank National Trust Company ("Deutsche Bank"). (*Id.*, Ex. D.) After the non-judicial foreclosure, Deutsche Bank did not file an assignment of deed of trust or transfer the mortgage into a trust. (Doc. 1-1 ¶¶ 16-17.)

On February 1, 2013, Ruiz brought a state action to quiet title in the Property, seeking declaratory relief that title is vested in her alone and that Deutsche Bank has no interest in the Property. (*Id.* at 4-5.) Deutsche Bank removed the action to this Court on February 27, 2013 and now moves to dismiss the Complaint. (Doc. 1.)

## DISCUSSION

### I.  LEGAL STANDARD

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir.

---

consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005) (quoting *In re Silicon Graphics Inc. Sec. Lit.,* 183 F.3d 970, 986 (9th Cir. 1999) (alteration in original). Second, a court may take judicial notice of "matters of public record outside the pleadings." *Mack v. S. Bay Beer Distribs., Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n. v. Solimino,* 501 U.S. 104 (1991). Even when considering a public record, however, judicial notice is limited to those facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). The Court takes judicial notice of the first Deed of Trust, (Doc. 5-1, Ex. A), corrected Deed of Trust, (*Id.*, Ex. B), Notice of Trustee's Sale, (*Id.*, Ex. C), Trustee's Deed Upon Sale, (*Id.*, Ex. D), and Notice of Substitution of Trustee, (Doc. 8-1, Ex. E), under these standards.

2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When a complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown--that the pleader is entitled to relief." *Id.* at 679 (internal quotation omitted).

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

## II.   QUIET TITLE

### A.   Standing

Under Arizona law, title cannot be quieted unless Plaintiff pays off the full amount of the mortgage. *Bean v. BAC Home Loans Servicing, L.P.*, 11-CV-553-PHX-GMS, 2012 WL 10349, at *5 (D. Ariz. Jan. 3, 2012) (citing *Farrell v. West,* 57 Ariz. 490, 491, 114 P.2d 910, 911 (1941) ("[I]f it appears there is an unsatisfied balance due a defendant-mortgagee, or his assignee, the court will not quiet the title until and unless [the plaintiff-mortgagor] pays off such mortgage lien.")); *Eason v. Indymac Bank,* 2010 WL 1962309, at *2 (D. Ariz. May 14, 2010) ("[Q]uiet title is not a remedy available to the trustor until the debt is paid or tendered.").

Ruiz does not allege that she has tendered the full amount of the mortgage nor that she is "ready, willing and able" to do so. *Eason,* 2010 WL 1962309, at *2. Ruiz cites to *Dimock v. Emerald Properties*, 97 Cal. Rptr. 2d 255 (Cal. Ct. App. 2000), for the

proposition that "a borrower attaching a voidable assignment of deed of trust is not required to tender any of the amounts due under the note." (Doc. 7 at 4.) She further argues that the "Tender Rule" should not apply here because she alleges that Deutsche Bank is not entitled to payment in the first instance. *Dimock* involved a situation where a former trustee, not the successor trustee under the deed of trust, had conducted the trustee's sale and consequently, the trustee's sale was void. 97 Cal. Rptr. 2d at 259-262. Here, CRC was the trustee at the time it conveyed title to Deutsche Bank and issued the trustee's deed. (Doc. 8-1, Ex. E; Doc. 5-1, Ex. D.) Hence, the "Tender Rule" applies and Ruiz cannot bring this action to quiet title because she makes no allegation that she has paid her mortgage in full.

### B.     Waiver of Claims

Deutsche Bank asserts that Ruiz's objections and defenses to the trustee's sale were waived once the trustee's sale was completed because Ruiz did not file for injunctive relief before the sale. A.R.S. § 33-811(C) states, in relevant part:

> The trustor, its successors or assigns,  . . . shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered . . . on the last business day before . . . the sale.

The trustee's sale was completed on September 24, 2012 and the trustee's deed was recorded on the following day. (Doc. 5, Ex. D.) The record shows that Ruiz did not file for relief pursuant to Rule 65 before the sale and filed this action in state court on February 1, 2013. (Doc. 1-1.) She does not allege that she did not receive "notice sufficient to obtain a preliminary injunction." *Madison v. Groseth*, 230 Ariz. 8, 12, 279 P.3d 633, 637 (Ct. App. 2012). Thus, Ruiz has waived her claims regarding the non-judicial foreclosure. *See Woods v. BAC Home Loans Servicing LP*, CV-10-723-PHX-GMS, 2011 WL 2746310, at *2 (D. Ariz. July 15, 2011) ("[N]o arguments or assertions raised by Defendant, even if true, can be used to contest the non-judicial foreclosure of the subject property. Therefore, to the extent that Plaintiffs asserts any claim

to quiet title to the subject property . . . [that claim is] dismissed."); *Madison*, 230 Ariz. at 13 ("It is undisputed [plaintiff] did not obtain an injunction prior to the trustee's sale of the Property. By operation of § 33–811(C), therefore, she waived all defenses and objections to the sale.").

### C. Interest in Deed of Trust

Ruiz contends that Deutsche Bank lacked, as assignee, "the capacity, power, and authority" to act as a beneficiary and record a notice of trustee sale. (Doc. 1-1 ¶ 21.) Ruiz is mistaken in that it was trustee CRC, not Deutsche Bank, which properly recorded the notice of trustee sale and conveyed the Property at the foreclosure. Insofar as Ruiz argues that Deutsche Bank is not entitled to enforce the underlying Note described in the security instrument and has no legal claim to title on the Property, this District has "routinely held that Plaintiff's 'show me the note' argument lacks merit." *Diessner v. Mortgage Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009), *aff'd sub nom. Diessner v. Mortgage Elec. Registration Sys., Inc.*, 384 F. App'x 609 (9th Cir. 2010); *see, e.g., Ciardi v. Lending Co.*, CV 10–0275–PHX–JAT, 2010 WL 2079735, at *2-3 (D. Ariz. May 24, 2010). "[T]he deed of trust statutes impose no obligation on the beneficiary to 'show the note' before the trustee conducts a non-judicial foreclosure." *Hogan v. Washington Mut. Bank, N.A.* 230 Ariz. 584, 586, 277 P.3d 781, 783 (Ariz. 2012).

Ruiz also argues a "split the Note" theory that because "the note and the deed of trust were assigned to different parties," Deutsche Bank's security interest in the deed of trust and the Property is "nullife[d]." (Doc. 1-1 ¶ 19.) However, such a split only renders the mortgage unenforceable if the trustee is not an agent of the lender. *Cervantes v. Countrywide Home Loans*, 656 F.3d 1034, 1044 (9th Cir. 2011). Plaintiff has not alleged that Empire and CRC were not agents of LBMC. Ruiz's "split the Note" theory is therefore meritless. Thus, Ruiz's claim for quiet title and declaratory relief is dismissed with prejudice on these several grounds.

/ / /

1 **IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 5) is **granted.** The Clerk of Court is directed to terminate this action.

Dated this 21st day of August, 2013.

_____
G. Murray Snow
United States District Judge